It further appears that after this action of the court, appellant remained at the trial until its conclusion, he being on bond at the time.

We see no reversible error in the court's action. It was not alleged or claimed that the wife was a witness in the case, nor was appellant compelled nor did he choose to absent himself from the court room, or the trial, by reason of the court's refusal to grant such postponement; nor does he appear to have been deprived of any right by the court's action. The matter complained of was largely within the discretion of the trial court, and unless such discretion should appear to have been abused, to the injury of the appellant, we would not undertake to revise the court's action.

The judgment of the trial court will be affirmed.

*Affirmed.*

GUS BELL v. THE STATE.

No. 5545.  Decided December 10, 1919.

**Manufacturing Intoxicating Liquors—Plea of Guilty—Practice in District Court.**

Where defendant pleaded guilty to the offense of manufacturing intoxicating liquors, his contention, in his motion for new trial, that the liquor was not shown to be intoxicating, was utenable, as his plea of guilty admitted all the criminating facts; besides, the statement of facts showed that the liquor was intoxicating.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of unlawfully manufacturing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant plead guilty in the District Court of Smith County, of the offense of manufacturing intoxicating liquor, and was given a penalty of one year in the penitentiary.

A motion for a new trial was filed, upon the grounds that the liquor was not shown to be intoxicating, and that it was not shown that the same was not made for sacramental purposes.

A plea of guilty, under our practice, admits all the criminating facts alleged, and evidence is admitted only for the purpose of en-

abling the jury to determine the penalty. However, the evidence in the statement of facts in this case, shows that the liquor was intoxicating.

The charge of the court and the indictment appear to be in accordance with the law, and finding no error, the judgment of the lower court is affirmed. ·

*Affirmed.*

Enoch Gipson v. The State.

No. 5546.   Decided December 10, 1919.

**Intoxicating Liquors—Manufacture—Plea of Guilty.**

A plea of guilty, under our practice, admits all the criminating facts alleged, and evidence is admitted only for the purpose of enabling the jury to determine the penalty. However, appellant's contention that it had not · been shown that the alleged liquor was intoxicating is contradicted by the statement of facts.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of the manufacture of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant plead guilty in the District Court of Smith County, of the offense of manufacturing intoxicating liquor, and was given a penalty of one year in the penitentiary.

A motion for a new trial was filed, upon the grounds that the liquor was not shown to be intoxicating, and that it was not shown that the same was not made for sacramental purposes.

A plea of guilty, under our practice, admits all the criminating facts alleged, and evidence is admitted only for the purpose of enabling the jury to determine the penalty. However, the evidence in the statement of facts in this case, shows that the liquor was intoxicating.

The charge of the court and the indictment appear to be in accordance with the law, and, finding no error, the judgment of the lower court is affirmed.

*Affirmed.*